THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: July 07, 2011



_____
Honorable Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | July 6, 2011 |
| JUDGE: | Pamela Pepper |
| CASE NO.: | 2011-28272; 2011-28477; 2011-27476; 11-28542; 11-28961 |
| DEBTOR: | Briana Hunter; Latasha Darnell; Iesha Coleman; Tameka Wrencher; Sheletha Braddock; Angel Hinton |
| NATURE OF HEARING: | Order to Show Cause |
| APPEARANCES: | Deron Coleman - Bankruptcy Petition Preparer |
| | Amy Ginsberg - Attorney for the U.S. Trustee |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 2:03 p.m. - 2:38 p.m. |
| ADJOURNED DATE: | |

The Court noted that it had issued the order to show cause because it had grave concerns about the petition preparation services Mr. Coleman was providing in exchange for the fees he was charging. The Court stated that initially, it had been concerned that all of the Chapter 7 petitions Mr. Coleman provided seemed to list the same personal property (at similar values) on Schedule B. In addition, in some cases, he prepared both the application for waiver of the filing fee and the application to pay the filing fee in installments. In other cases, Mr. Coleman had not completed all of the required paperwork. In still other cases–and of particular concern to the Court–Mr. Coleman was classifying debts as priority or non-priority debts. He seemed to charge different fees to different debtors–$150 for some, $175 for others, $200 for still others. The Court noted that there were fee discrepancies in cases such as 11-30485, Paige and 11-30447, Wade.

The Court went on to explain that since it had issued the order to show cause, it had observed another disturbing trend. Mr. Coleman had begun preparing Chapter 13 petitions. The debtors for whom he has prepared Chapter 13 petitions typically were not eligible to receive a Chapter 13 discharge, because they had

1

received a discharge in a prior Chapter 7 case within the statutory time period. Some of those debtors had stated to the Court at other hearings that Mr. Coleman was the person who told them that they were not eligible to receive a Chapter 7 discharge and that they should file a Chapter 13 case. Mr. Coleman insisted that he only typed the information that was provided to him and the he did not give any legal advice to the debtors. Mr. Coleman further insisted that there were other credit repair agencies in his building, and that by the time debtors made it down the hall to his office, they already had seen information about who could and could not file Chapter 7 on signs posted at these other offices. He indicated that the debtors would try to "pick his brain" about what they could and couldn't do, but that after he'd met with Judge Kelley, he knew that he wasn't supposed to answer their questions. When the Court asked Mr. Coleman the names of some of the people who'd been working with him, he informed the Court that he had suffered a brain injury and had issues with his short term memory. Mr. Coleman further informed the Court that trustee John Scaffidi gave him information regarding what he could and could not tell debtors, and that someone in Judge Kelley's courtroom told him that he was not allowed to fill out Schedule C. He admitted that he had classified debts as priority debts, which was his mistake, but that it was up to the debtors to classify debts as liquidated or unliquidated, disputed or undisputed, secured or unsecured.

The Court mentioned several of the Chapter 13 cases that had caused it concern, including 11-29868, Riley; 11-29914, Fletcher (who told the Court that Mr. Coleman advised her she had to file a Chapter 13 because she was not eligible for a Chapter 7 discharge); 11-27653, Jenkins (petition preparer is listed as "Monica Toliver" at Mr. Coleman's address); 10-28125, Cole (began as a Chapter 13 with counsel, then converted to Chapter 7 through Mr. Coleman and debtors are not eligible for a discharge).

Counsel for the UST stated that in case 11-27370; Coleman - no relation to Mr. Coleman - the debtor had testified at the § 341 meeting that there were debts she had specifically told Mr. Coleman to include in her bankruptcy which he left off. This debtor had been required to file amended schedules to include the missing creditors' addresses and account numbers, and had been forced to pay the $26.00 amendment fee. Counsel further stated that the testimony from the debtor about how Mr. Coleman's office prepared the paperwork was different from what Mr. Coleman was telling the Court today. She stated that the UST's office would be filing a Section 110 motion to bar Mr. Coleman from continuing to prepare bankruptcy petitions.

The Court explained to Mr. Coleman that the way he is making a living, by preparing bankruptcy petitions, was causing people harm. The Court told Mr. Coleman that the UST was going to be filing a motion to bar him from preparing

2

petitions. If he does not object to that motion, the Court will grant it. If he objects, the Court informed Mr. Coleman that it would bring into court all of the debtors who had told the Court that Mr. Coleman advised them to file a Chapter 13 case, and he could look them in the eye as they testified to this fact.

Because Deron Coleman appeared in court in response to the show cause order, the Court finds that the order has been **DISCHARGED**.

# # # # #

3